UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                |   |                              |
|--------------------------------|---|------------------------------|
| GRANT ELGIN,                   | ) |                              |
|                                | ) |                              |
| Plaintiff,                     | ) |                              |
|                                | ) |                              |
| v.                             | ) | CIVIL ACTION                 |
|                                | ) | NO. 13-40062-TSH             |
|                                | ) |                              |
| AURORA LOAN SERVICES, LLC,     | ) |                              |
|                                | ) |                              |
| Defendant.                     | ) |                              |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO VACATE
JUDGMENT (Docket No. 26)**
May 16, 2014

HILLMAN, D.J.

**Introduction**

Plaintiff Grant Elgin ("Plaintiff") brought a complaint against Defendant Aurora Loan Service's ("Defendant") alleging breach of contract, promissory estoppels, breach of duty of good faith and reasonable diligence, violation of M.G.L. c. 93A and violation of M.G.L. c. 231A s. 1, all stemming from Defendant's foreclosure of Plaintiff's property. On April 2, 2014 this Court granted Defendant's Motion for Judgment on the Pleadings (Docket No. 19), no response having been filed, for the reasons stated in the memorandum in support (Docket No. 20), and entered judgment in favor of Defendant (Docket No. 25). On the same day, Plaintiff filed a motion to vacate the judgment under Fed.R.Civ.P. 60(b), explaining that Plaintiff failed to respond to Defendant's motion because new counsel had taken over. New counsel explained that she had been unable to timely respond, but that she had been in contact with Defendant's counsel

1

regarding Plaintiff's intention to file an amended complaint. For the reasons set forth below, Plaintiff's Motion to Vacate is denied.

## Discussion

"The criteria for Rule 60(b) relief are well-established. A party seeking such relief must demonstrate 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Nansamba v. N. Shore Med. Ctr., Inc*., 727 F.3d 33, 37 (1st Cir. 2013) (quoting *Fisher v. Kadant*, Inc., 589 F.3d 505, 512 (1st Cir.2009)). Here, as Plaintiff filed his motion to vacate the same day as judgment entered, there is no argument that it was not timely.

Under Fed.R.Civ.P. 60(b), a court, on motion, may relieve a party from a final judgment based one of six reasons delineated in the rule. Fed.R.Civ.P. 60(b)(1)-(6). At oral argument, Plaintiff asserted that he sought relief based on Fed.R.Civ.P. 60(b)(1) "mistake, inadvertence, surprise, or excusable neglect." For relief based on excusable neglect under Rule 60(b)(1), "[a]t a bare minimum, a party…must offer a convincing explanation as to why the neglect was excusable." *Nansamba*, 727 F.3d at 39 (quoting *Cintrón–Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir.2002)). "Deciding what constitutes excusable neglect is a case-specific exercise, which requires 'an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission.'" *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 2014 WL 1613686, *2 (1st Cir. 2014) (quoting *Dávila-Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 64 (1st Cir. 2001).

Here, Plaintiff has demonstrated excusable neglect. Attorney Uwe Benjamin, who had previously represented Plaintiff, was the only Massachusetts licensed attorney at the Babcock Law Offices. Attorney Benjamin left those offices in January of 2014. In late January, the Babcock Law Offices approached Plaintiff's current counsel, Attorney Mindy Montecalvo, about taking on the Massachusetts cases that Attorney Benjamin had left behind. Attorney Montecalvo shares office space with the Babcock Law Offices, but is not an employee. In late February, Attorney Montecalvo inherited all of the aforementioned cases, including Plaintiff's. Attorney Montecalvo proceeded to review the cases and determined that Plaintiff's complaint was insufficient. She prepared an amended complaint which she completed ten days before a response to Defendant's motion for judgment on the pleadings was due. As the result of a computer crash, this amended complaint was lost. The day before judgment was entered in this case, Attorney Montecalvo had again completed the amended complaint, and notified opposing counsel of her intention to file that complaint, or agree to a voluntary dismissal without prejudice to re-file using the new complaint. Attorney Montecalvo also notified the Court of her intention to enter an appearance, which she did on April 2, 2014, but she did not move for a continuance to respond to Defendant's motion to vacate, nor for a voluntary dismissal without prejudice. This Court then entered judgment for Defendant. Later that same day, Plaintiff filed his motion to vacate.

This Court finds that the Plaintiff has demonstrated excusable neglect. This is not a situation where counsel "remained silent for months in the face of several court orders," including a warning that further inaction would result in dismissal, and failed to respond to three motions that were deemed unopposed. *See, e.g., Rivera-Velazquez*, 2014 WL 1613686, *1-2. Instead, having received a number of new cases due to the departure of Attorney Benjamin,

counsel diligently worked to keep Plaintiff's case alive. She kept opposing counsel informed of the situation and her intentions to move forward on an amended complaint. Though technical issues and the volume of work prevented counsel from timely responding to Defendant's motion for judgment on the pleadings, given the situation and her efforts, both before and after this lapse, such failure can be considered excusable.

A showing of excusable neglect, however, is not the only requirement for relief under Rule 60(b). Plaintiff must also show that that "if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense." *Nansamba*, 727 F.3d at 37-38; *Gonzalez Rucci v. U.S. I.N.S.*, 405 F.3d 45, 48 (1st Cir. 2005) ("a district court should only grant Rule 60(b) relief if the moving party demonstrates that the underlying claims have a reasonable chance of success on the merits"). Plaintiff does not meet this burden. In the proposed amended complaint, Plaintiff sets forth several of the same claims from his prior complaint, yet Plaintiff conceded at oral argument that this Court correctly granted judgment in favor of Defendants on these claims. As for the new claims, Plaintiff has not shown he has a reasonable chance of success on the merits. The proposed complaint seeks to bring four new substantive claims, as well as a claim for "further equitable relief."

The first new claim (Count I) seeks a declaratory judgment that Defendant was not entitled to enforce the power of sale because the assignment of Plaintiff's mortgage from Mortgage Electronic Registration System, Inc. ("MERS") to Defendant was flawed due to "robo-signing" and a lack of authenticated "tracking information" regarding the promissory note underlying Plaintiff's mortgage. The First Circuit has squarely dealt with the former contention, holding that an allegation that an assignment from MERS is void because it was "robo-signed" is "of no moment." *Wilson v. HSBC Mortgage Servs., Inc.*, 744 F.3d 1, 13 (1st Cir. 2014); *see also*

4

*Butler v. Deutsche Bank Trust Co. Americas*, 2014 WL 1328296, *4 (1st Cir. 2014). *Wilson* also rejects Plaintiff's contention that the assignment is void because it was executed by Theodore Schultz, a Vice President of both MERS and Defendant, among other, noting that M.G.L. c. 183 s. 54 provides that "[an] assignment of [a] mortgage ... if executed before a notary public ... by a person purporting to hold the position of ... vice president ... of the entity holding such mortgage ... shall be binding upon such entity," and concluding that an assignment was not void merely because it was executed by one who was both an officer of MERS and an employee of the assignee. 744 F.3d at 11-12.

Plaintiff also asserts as part of Count I that Defendant has no authenticated evidence that Plaintiff's note was transferred to Defendant. As Plaintiff alleges in his complaint, an assignment recorded in the Worcester County Registry of Deeds shows that MERS assigned Plaintiff's mortgage to Defendant. The First Circuit has rejected the argument that "MERS only 'tracks' the assignment of mortgage notes, but does not undertake assignments of the accompanying mortgages," noting that "that MERS separately tracks the transfer of promissory notes does not call into question the sufficiency of written assignments duly recorded in a county registry of deeds." *Butler*, 2014 WL 1328296 at *3. Defendant need not provide evidence that it held the underlying note to show it could validly foreclose, as long as the mortgage was validly assigned, as it appears to be here. *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, 293 (1st Cir. 2013) ("In the assignment, MERS transferred to Aurora what it held: bare legal title to the mortgaged property. That transfer was valid. It follows that Aurora properly held the mortgage and thus possessed the authority to foreclose.").

As far as any other general claims under Count I Plaintiff attempts to make regarding MERS not holding the mortgage, or lacking the authority to assign the mortgage, the First

Circuit in *Culhane* clearly determined "that MERS, as nominee and mortgagee of record, possesses the ability to transfer its interest in a mortgage." *Id*. at *3 (citing *Culhane,* 708 F.3d at 291–93); *see also Serra v. Quantum Servicing, Corp.,* 2014 WL 1280260 (1st Cir. 2014) ("In *Culhane,* we ruled unequivocally that MERS may validly possess and assign a legal interest in a mortgage."); *Woods v. Wells Fargo Bank, N.A*., 733 F.3d 349, 355 (1st Cir.2013) ("*Culhane* made clear that MERS's status as an equitable trustee does not circumscribe the transferability of its legal interest."). Nothing in Plaintiff's proposed complaint suggests *Culhane* should not apply in this case. Plaintiff has failed to show that he is likely to succeed in showing that Defendant was not a proper assignee and holder of Plaintiff's mortgage, and that therefore the any sale of the property would be void.

Plaintiff next proposes to bring a claim for slander of title (Count II) based on the assertion that Defendant caused a false publication to be publically recorded, namely the recording in the Worcester County Registry of Deeds that Defendant has absolute ownership of the property in question. To make a claim for slander of title, a plaintiff must show the defendant "intends for publication of [a] statement to result in harm to the interests of [another] having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and…knows that the statement is false or acts in reckless disregard of its truth or falsity." *Dulgarian v. Stone*, 420 Mass. 843, 852, 652 N.E.2d 603, 609 (1995). There is nothing in the proposed amended complaint that suggests Defendant knew the recording was false or acted in reckless disregard of its truth, or even that the recording was false. *See, e.g. Rosa v. Mortgage Elec. Sys., Inc.,* 821 F. Supp. 2d 423, 434 (D. Mass. 2011) ("Plaintiffs' claims for slander of title fail because the statements made by Defendants were true. The assignment was valid and therefore [the] act of recording the assignment could not constitute slander."). As explained above, Plaintiff has not

demonstrated that anything about the assignment from MERS to Defendant makes that assignment, and by extension Defendant's right to enforce the power of sale or take ownership of the property, void.

Plaintiff's proposed claim for a violation of M.G.L. c. 244 s. 35A (Count III) similarly does not show a reasonable likelihood of success in this case. In *U.S. Bank Nat. Ass'n v. Schumacher*, the Supreme Judicial Court declared that the "proper avenue by which a homeowner can challenge a mortgagee's compliance with s. 35A" is by "asserting counterclaims pertaining to s. 35A in response to the mortgagee's postforeclosure summary process action in the Housing Court." 467 Mass. 421, 422 n. 4 (2014). Plaintiff failed to raise this or any other counterclaims during the summary process proceeding that Defendant successfully brought in the Worcester Housing Court, and is now barred from doing so under the principles of res judicata. *Charlette v. Charlette Bros. Foundry, Inc.*, 59 Mass. App. Ct. 34, 33 (2003) ("claim preclusion forecloses the litigation of all matters that could have or should have been litigated in a prior action.").

Finally, Plaintiff seeks to bring a claim for declaratory judgment that M.G.L. c. 183 s. 54B is unconstitutional (Count VII) because it violates Plaintiff's right to equal protection. As in *Culhane*, this constitutional challenge is based on the assertion that s. 54B violated Plaintiff's procedural and substantive due process rights and his right to equal protection by denying him the opportunity to expose the fact that the assignment of his mortgage was not on behalf of any person with an enforceable interest in his mortgage and by "arbitrarily including [him] in a class of mortgagors whose mortgages were assigned by the actual holder." 708 F.3d at 294-95. The Court in *Culhane*, having concluded that MERS did validly hold the mortgage at the time of its assignment to Aurora found that these constitutional claims "necessarily fail." *Id*. at 295. The

same is true here; as discussed above, Plaintiff has not successfully pled that MERS did not validly hold Plaintiff's mortgage at the time of the assignment.

As Plaintiff has failed to demonstrate that the claims in his proposed amended complaint have "a reasonable chance of success on the merits," he has not met his burden of demonstrating he is entitled to the "extraordinary relief" available under Rule 60(b). *Gonzalez Rucci*, 405 F.3d at 48.

## **Conclusion**

For the reasons stated above, Plaintiff's Motion to Vacate (Docket No. 26) is ***denied***.

SO ORDERED.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE